**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| RODERICK HICKS, #172188, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION NO. 20-00445-JB-B |
| MARY COOK, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff Roderick Hick's motion to amend the complaint.[1] (Doc. 7). After a review of the motion to amend, it is recommended that the motion be granted in part and denied in part for the reasons set forth herein.

In his initial complaint (Doc. 1), Hicks asserts claims against Warden Mary Cook, Officer Tamarowia Dailey, and Lt. James Smith, arising out of an alleged incident on July 9, 2020, in which Defendant Officer Dailey slapped Plaintiff in the face while Plaintiff was entering the H-Dorm at Fountain Correctional Facility. (Doc. 1 at 4-11). In his motion to amend the complaint, Hicks seeks to add one defendant, Warden Anthony Smiley, and seeks to dismiss Defendant James Smith.[2] (Doc. 7 at 1).

---

[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

[2] Plaintiff also states that he seeks to dismiss Lt. Jennifer

With respect to Warden Smiley, Plaintiff states that Smiley "is Duty Warden of G.K. Fountain Corr[ectional] Facility and, at all relevant time[s], namely July 9, 2020, was responsible for the overall operation of the prison." (Doc. 7-1 at 7). However, Plaintiff makes no specific allegations against Warden Smiley related to the incidents alleged in the complaint or the proposed amended complaint. Thus, the Court can only surmise that Plaintiff attempts to implicate Warden Smiley through the concept of *respondeat superior*. However, the doctrine of *respondeat superior* is unavailable in actions brought under § 1983. See <u>Buggs v. Almond</u>, 2012 U.S. Dist. LEXIS 128056, *13, 2012 WL 4009463, *4 (N.D. Ala. July 5, 2012), *report and recommendation adopted*, (N.D. Ala. Sept. 10, 2012)(citing <u>Monell v. Dep't of Soc. Serv.</u>, 436 U.S. 658, 690-92 (1978); <u>Harris v. Ostrout</u>, 65 F.3d 912, 917 (11th Cir. 1995)). "Supervisory liability under section 1983 may be shown by either the supervisor's personal participation in the acts that comprise the constitutional violation or the existence of a causal connection linking the supervisor's actions with the violation." <u>Buggs</u>, 2012 U.S. Dist. LEXIS 128056 at *13, 2012 WL 4009463 at *4 (citing <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988)). Here, Plaintiff alleges neither. Therefore, he has failed to adequately state a claim against Warden Smiley. Accordingly,

Austin. (Doc. 7). However, Lt. Austin is not a Defendant in this action. (Doc. 1).

Plaintiff's motion to amend the complaint to add Warden Anthony Smiley as a Defendant is due to be denied as futile.

Based on the foregoing, the undersigned **RECOMMENDS** that Hicks' motion be **GRANTED**, in part, and **DENIED**, in part. The motion is due to be **GRANTED** to the extent that Hicks seeks to dismiss Defendant Lt. James Smith as a Defendant in this action. (Doc. 7 at 1). The motion is due to be **DENIED** to the extent that Hicks seeks to add Warden Anthony Smiley as a Defendant, as Hicks does not include any facts against Smiley related to the incidents alleged in the complaint or the amended complaint. Therefore, Hicks' allegations against Smiley fail to state a claim upon which relief could be granted.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on

unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **16th** day of **November, 2020.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**